# Illinois Official Reports

## Appellate Court

---

### *O'Leary v. America Online, Inc.*, 2014 IL App (5th) 130050

---

| | |
|---|---|
| Appellate Court Caption | DAWN K. O'LEARY, ROSA M. WHITE, ROBERT BAILEY, PAULA BAILEY, NANCY PRILLMAN, KIM CHEATWOOD, and JOSE SANCHEZ, Individually and on Behalf of All Others Similarly Situated, Plaintiffs, v. AMERICA ONLINE, INC., and ICT GROUP, INC., Defendants (Freed & Weiss, LLC, Movant-Appellee and Cross-Appellant; and Diab & Bock, LLC (n/k/a Bock & Hatch, LLC), Respondent-Appellant and Cross-Appellee). |
| District & No. | Fifth District<br>Docket No. 5-13-0050 |
| Filed | March 17, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a dispute over the attorney fees in a class action case, the trial court's order finding that movant had no obligation to pay respondent a one-third share of certain attorney fees earned in the underlying class action, and the subsequent order requiring movant to retender to respondent a check in the amount of $50,000, were affirmed on appeal, since the testimony supported the conclusion that regardless of the question of whether a joint venture existed with regard to the underlying action, there was an agreement that respondent would be paid $50,000. |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, Nos. 03-L-491, 05-L-669; the Hon. Andrew J. Gleeson, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Robert J. Sprague, of Sprague & Urban, of Belleville, and Phillip A. Bock, of Bock & Hatch, LLC, of Chicago, for appellant.

Kevin T. Hoerner, of Becker, Paulson & Hoerner, P.C., of Belleville, and Richard J. Burke, of Complex Litigation Group, LLC, of St. Louis, Missouri, for appellee.

Panel

JUSTICE SPOMER delivered the judgment of the court, with opinion. Presiding Justice Welch and Justice Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1    In this dispute involving the payment of attorney fees, the respondent, Diab & Bock, LLC (now known as Bock & Hatch, LLC) (Bock), appeals the order of the circuit court of St. Clair County that found that the movant, Freed & Weiss, LLC (Weiss), was not obliged to pay Bock a one-third share of certain attorney fees earned in the underlying class action case captioned above. Weiss cross-appeals with regard to a subsequent order in this case in which the trial judge ordered Weiss to retender to Bock a check in the amount of $50,000. For the following reasons, we affirm both orders of the circuit court.

¶ 2                                        FACTS

¶ 3    The facts necessary to our disposition of this appeal are as follows. On May 16, 2008, Bock filed a freestanding lawsuit in Cook County demanding payment from Weiss of one-third[1] of the attorney fees received in this case. Weiss filed a motion within this case, in St. Clair County, to, *inter alia*, determine the amount of fees, if any, owed to Bock, and the trial judge subsequently held that the parties had stipulated, in open court, to the resolution of this dispute by the circuit court of St. Clair County. Evidence was adduced at two hearings, the first on August 23, 2010, and the second on February 17, 2011. At the first hearing, Paul Weiss was the only witness to testify. He testified in substantial detail about how Bock became involved in this case. According to Weiss, Bock was brought in, along with approximately 20 other attorneys, on or around the date the case was settled, so that the clients of those attorneys would be covered by the settlement. Weiss testified that the client Bock represented, Rosa White, was not an essential plaintiff to the settlement of the case, and that Bock was brought in so that White could "get a class representative payment" and so that Bock "was able to make some money." Weiss noted that in the past, Bock had brought Weiss into cases and that Weiss thought bringing Bock into this action was "a fair thing to do." Weiss testified that he

---

[1]The Lakin Law Firm is the third entity allegedly entitled to a one-third share of the fees. However, Bock has not sought fees from the Lakin Law Firm, and the Lakin Law Firm is not a party to this appeal.

personally told Bock that Bock would be paid $50,000, and in fact presented Bock with a check for $50,000. He testified that no other agreement with regard to paying Bock for the case existed, and that Bock was not listed in settlement papers as settlement class counsel because Bock had virtually no involvement in the case prior to the date of settlement and had done no work to obtain the settlement or otherwise "work up" the case. He testified that when, in the past, he had divided fees evenly with Bock on cases they had done together, there was "an agreement up front" to do so. He testified there was no such agreement in this case.

¶ 4      Phillip Bock was the sole witness to testify at the second hearing. He too testified in substantial detail about his involvement in the case. He testified about the time he had expended working on Rosa White's case, but conceded that he had no other involvement with this case and its other plaintiffs, and conceded as well that he had no written agreement with Weiss or anyone else that specifically referenced payment for this case. He testified, however, that Weiss asked him to bring Rosa White into the case because another plaintiff in the case was "bad" and White was needed. When asked if any verbal agreement existed between Weiss and him regarding how much he would be paid, Bock testified, "[N]o, not that I remember." He testified that he was upset when he received only $50,000, and that he did not cash the check Weiss gave him in that amount. He conceded that when, in the past, he had been paid an even share of attorney fees in a case involving Weiss, he had always been listed along with Weiss on the original complaint in the case that generated the fees. Emails sent between Weiss and Bock were admitted into evidence as well.

¶ 5      Following the second hearing, Judge Gleeson took the matter under advisement. On July 11, 2012, he entered an order in which he found, *inter alia*, that: (1) Bock had admitted there was no written agreement for fees in this case, (2) Bock had not proven that a partnership or joint venture existed that would have entitled him to an even percentage of the fees in this case, and (3) there was no evidence of any type of agreement between Bock and Weiss regarding fees in this case. Following a hearing on a posttrial motion filed by Bock, which was otherwise denied, Judge Gleeson ordered Weiss to tender to Bock a new check in the amount of $50,000 to replace the check "previously issued." Bock now appeals the denial of his posttrial motion, and Weiss cross-appeals the order to issue a new check for $50,000. Additional facts will be provided as necessary throughout the remainder of this order.

¶ 6                                              ANALYSIS
¶ 7      On appeal, Bock contends both that the trial court's decision in this case was against the manifest weight of the evidence and that it was "based on legal error." Bock correctly notes that in a civil case such as this one, the standard of review for legal issues is *de novo*, while the standard of review for factual issues is the manifest weight of the evidence standard. See, *e.g.*, *Samour, Inc. v. Board of Election Commissioners*, 224 Ill. 2d 530, 542 (2007). However, as Weiss correctly notes, "[a] judgment is not against the manifest weight of the evidence merely because there is sufficient evidence to support a contrary judgment." *Watkins v. American Service Insurance Co.*, 260 Ill. App. 3d 1054, 1062 (1994). To the contrary, for this court to deem reversal warranted, the conclusion opposite to that reached by the trial court "must be clearly evident," and a court of review must not reverse a judgment "merely because it would have reached a different conclusion had it been the trier of fact." *Id.* That is because it is the province of the trial court to hear witness testimony and resolve conflicts of fact, and "[i]n

close cases, where findings of fact depend on the credibility of witnesses, it is particularly true that a reviewing court will defer to the findings of the trial court unless they are against the manifest weight of the evidence." *Eychaner v. Gross*, 202 Ill. 2d 228, 251 (2002).

¶ 8    With these principles in mind, we turn to the case before us. With regard to Bock's first proposition, that the decision in this case was against the manifest weight of the evidence, we do not, in light of our standard of review, agree. Although conflicting evidence was adduced at the evidentiary hearing, there was ample evidence, detailed above, to support Judge Gleeson's conclusion that no joint venture or other relationship existed that would entitle Bock to a one-third share of the attorney fees in this case. Bock's arguments with regard to that conflicting factual evidence do not denote anything to persuade us that a conclusion opposite to that reached by Judge Gleeson in this case is "clearly evident." Accordingly, we decline Bock's invitation to reverse, as, his protestations to the contrary notwithstanding, it merely asks us to reweigh the conflicting evidence and substitute our judgment for that of the trial court.

¶ 9    With regard to Bock's contention that the trial court's decision was "based on legal error," we first note that this claim is not well articulated in Bock's briefs, and indeed is conflated with his manifest weight of the evidence argument. It would appear, however, that Bock contends that a joint venture between himself and Weiss existed as a matter of law, and that pursuant to that joint venture Bock was entitled to a one-third share of the attorney fees in this case. The biggest problem with Bock's argument, and the one that is fatal to it, is that even if we were to assume, *arguendo*, that a joint venture existed as a matter of law between Weiss and Bock, that would not mean that Bock was automatically entitled to a one-third share of the attorney fees in this case, particularly in light of Judge Gleeson's belated conclusion, discussed below, that the parties had agreed to a payment of $50,000 to Bock for his work on this case. The agreement to pay $50,000, which as discussed below is supported by the evidence, set the terms for payment to Bock for his work on this case, regardless of whether the relationship of the parties was that of members of a joint venture or was something short of that. There is simply no basis for his claim that he is entitled to a one-third share of the fees in this case.

¶ 10    On cross-appeal, Weiss contends the trial court erred when it ordered Weiss to reissue the check in the amount of $50,000 to Bock, because the court had earlier expressly found that there was no evidence of any agreement between Bock and Weiss regarding a division of fees and that Bock had done no work entitling him to payment. Although we agree that Judge Gleeson's subsequent decision could have been expressed more clearly, we construe the order as a modification of his earlier conclusion that there was no evidence of an agreement between Bock and Weiss regarding a division of fees, said modification being made to accommodate the evidence, presented by Weiss himself in the form of his testimony at the August 23, 2010, hearing, that he had told Bock he would pay him $50,000 and had in fact presented Bock with a check for $50,000. Because Weiss's testimony, if believed, supports the conclusion that regardless of whether a joint venture existed, there was nevertheless an agreement that Weiss would pay Bock $50,000, Judge Gleeson's decision is not against the manifest weight of the evidence.

¶ 11                                                    CONCLUSION

¶ 12    For the foregoing reasons, we affirm both orders of the circuit court of St. Clair County.

¶ 13     Affirmed.